IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**CV 12 - 3394**

Index No _____

GEORGE NOLLAH and MICHAEL NOLLAH,

    Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER SANTIAGO, SERGEANT LAU, and DOES 1-10,

    Defendants.

**COMPLAINT AND JURY DEMAND**

BLOCK, J.

ORENSTEIN, M.J.

## SUMMONS ISSUED

Plaintiffs George Nollah and Michael Nollah, by their attorney, John M. Lambros, respectfully allege as follows:

### NATURE OF THE ACTION

1. This action arises from the deprivation of Plaintiffs' rights guaranteed to them under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the statutory and common laws of New York State, and the New York State Constitution.

### JURISDICTION

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the allegations contained in this Complaint arose in Kings County, New York.

## PARTIES

4. Plaintiffs reside in Queens County, New York.

5. Defendant the City of New York is a municipality existing under the laws of New York State.

6. Police Officer Santiago is a police officer employed by the City of New York.

7. Sergeant Lau is a police officer employed by the City of New York.

8. Defendants Does 1 through 10 are yet-to-be identified individuals with the NYPD and are sued in their individual, official, and supervisory capacities.

9. At all times hereinafter mentioned, the individual defendants, either personally or through their agents, were acting within the scope of their employment and under color of state law and/or in compliance with and in furtherance of the official rules, regulations, laws, customs, usages and/or practices of the City of New York and the NYPD. All of the acts of NYPD officers complained of herein were committed by one or more of the aforementioned defendants. Plaintiff is presently without sufficient knowledge or information to particularize the specific acts of individual defendants.

## FACTS

10. On or around May 5 2011, Michael Nollah and his brother George Nollah (collectively "Plaintiffs") were *en route* to Brooklyn to enjoy some Vegan food. The Plaintiffs stopped their vehicle on Havenmire and Grant streets. The police ordered Plaintiffs to show them identification. Plaintiffs complied. The defendants then interrogated Plaintiffs about why the Plaintiffs were out that

evening. George Nollah responded that Plaintiffs were out to get food. One of the officers said that there were robberies and burglaries in Brooklyn and that Plaintiffs had no business being there. Michael Nollah indicated that the foregoing had nothing to do with him or his brother and that they just wanted food. At that point, one of the officers ordered Michael out of the car because he was a "smart ass." The officer took Michael Nollah to the back of the car. Michael Nollah then noticed that Officer Santiago had grabbed George Nollah by his neck and arm and had ripped George out of the car. Santiago began choking George Nollah. The officer with Michael Nollah ordered him not to look over at his brother. The officer with Michael Nollah then applied handcuffs on one of Michael Nollah's wrists. A desperate Michael Nollah then entered a restaurant near the location where his brother was being battered. He begged for help. Michael Nollah then called 911 for help with the officers who were now out of control with respect to their beating of George Nollah. People had begun to gather, some of whom took videos. George Nollah was then put into the police car. The officers then sought Michael Nollah and found him. The officer handcuffed the second wrist and slammed Michael Nollah's head into the squad car. Both Nollah's were taken to the station and violently processed. They were being pushed and tripped while handcuffed; they fell to the floor. Plaintiffs had already been savagely beaten. The officers that took Plaintiffs to the hospital referred to them as "niggers" and "black animals." After several hours, Plaintiffs returned to the precinct to be finger printed. They subsequently were taken to Central Booking. Michael Nollah was released from Central Booking on May 6, 2011. George Nollah was released on May 7, 2011.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

11.     Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

12.     As a result of defendants' individual and collective acts, Plaintiffs were unlawfully detained, searched, and subjected to excessive force in violation of their civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of their rights under the statutory and common laws of New York State and the New York State Constitution.

13.     Plaintiffs suffered injuries due to defendants' deliberate indifference to plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.  Specifically, the City failed to adequately train, supervise, and/or discipline members of the police department and said indifference resulted in the violation of Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

14.     Plaintiffs were injured by defendants because defendants acts were perpetrated based on custom, usage, patterns, and policies instituted by the municipal policymakers and resulting in violations of Plaintiffs' civil rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

15.     Specifically, reviewing the totality of the circumstances, the individual defendants' decisions to search, seize, and subject Plaintiffs to excessive force lacked any legal justification.

16. The City's training and supervision policies were (and continue to be) constitutionally inadequate. "While New York City pays the Police Department's skyrocketing legal bills, the department makes almost no effort to learn from lawsuits brought against it and its officers. The department does not track which officers were named, what claims were alleged or what payouts were made in the thousands of suits brought each year. What's more, officers' personnel files contain no record of the allegations and results of lawsuits filed against them." Joanna C. Schwartz, *Watching the Detectives*, N.Y. TIMES, June 16, 2011 at A35 (reporting on a study of police misconduct cases conducted by New York's Comptroller, John C. Liu.). Accordingly, the City deliberately provides officers with no incentive to avoid Constitutional violations.

17. Plaintiffs were injured because the defendants failed to intervene to stop the illegal acts perpetrated against Plaintiffs and conspired against Plaintiffs, and, as a result, violated Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Here, not one of the numerous officers at the scene intervened to stop the humiliating and violent treatment of Plaintiffs. Because New York City has notice of, but has repeatedly failed to make any meaningful investigation into charges that its employees were violating citizens' constitutional rights, it is further exposed to *Monnell* liability.

18. Damages from the search and seizure of Plaintiffs, coupled with the use of excessive force used against them, which were in violation of the Fourth Amendment, are presumed. Where the plaintiffs, as here, were indisputably deprived of their liberty, and the conduct of the defendants responsible for the

5

deprivation is unlawful (*e.g.,* excessive force), the plaintiffs are entitled to not merely nominal, but compensatory damages.[1]

19. Because there is Constitutional injury—*i.e.,* excessive force, unlawful search, and seizure—and there is no genuine dispute that the violation resulted in injury to the plaintiffs, the plaintiffs are entitled to an award of compensatory damages as a matter of law, which are to be determined by a jury.[2]

20. Plaintiffs also seeks damages for emotional distress and humiliation, physical injury, economic damages, and punitive damages to be determined by a jury. Plaintiff also seeks attorneys' fees.

## SECOND CAUSE OF ACTION

(Negligence)

21. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

22. Defendants owed Plaintiffs a duty of reasonable care. Defendants breached that duty by unlawfully searching and seizing Plaintiffs, and subjecting Plaintiffs to excessive force. In addition, the City has a duty to monitor its officers and impose internal discipline when improper behavior is substantiated. In short, the City is obligated to weed out the bad apples. Its failure to do so also constitutes a breach of its duty of care. Defendants' breach was the legal and proximate cause of harm to Plaintiffs, discussed *supra*. Specifically, failing to discipline and train officers not to falsely arrest, use excessive force or unlawfully search and seize,

---

[1] *See Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004).

[2] *Id.*

6

particularly if the officers have previously have done so, proximately caused the injuries complained of herein.

23.     Defendants' individual and collective acts constituted negligent training and/or supervision and resulted in violation of Plaintiffs 'rights under the laws of the State of New York.

24.     The City is liable under the theory of respondent superior for the tortious conduct of its officers and otherwise responsible for the violations of Plaintiff's rights under the laws of the State of New York and the United States.

25.     As a result of the foregoing, Plaintiffs have been damaged and seek economic damages, compensatory damages, damages for emotional distress, along with any punitive damages because defendants' actions were intentional, reckless, grossly negligent and/or willful and wanton, costs, and fees, as may be deemed proper by a jury and the Court.

## THIRD CAUSE OF ACTION

(False Imprisonment)

26.     Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

27.     As a result of defendants' individual and collective acts, Plaintiffs were subjected to unlawful detention in violation of his rights under the laws of the State of New York. Specifically, Plaintiffs were detained and beaten without legal justification.

28.     As a result of defendants' actions and/or inaction, Plaintiffs now suffers from physical injuries and severe emotional distress. Plaintiffs also seek costs and fees to be determined by the Court or a jury.

## FOURTH & FIFTH CAUSES OF ACTION

(Assault & Battery)

29. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

30. As a result of defendants' individual and collective acts, Plaintiffs were subjected to assault and battery in violation of his rights under the laws of the State of New York when they were repeatedly subjected to unauthorized and offensive touching and threatened by the Officer defendants.

31. As a result of defendants' actions and/or inaction, Plaintiffs suffered mental and emotional trauma, and compensatory damages.

32. As a result of the foregoing, Plaintiffs have been damaged and seek compensatory damages, along with any punitive damages, costs, and a jury may deem fees proper.

## SIXTH CAUSE OF ACTION

(Malicious Prosecution)

33. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

34. A criminal proceeding was commenced against Plaintiff.

35. This criminal preceeding was terminated in Plaintiff's favor.

36. Probable cause was lacking.

37. The proceeding was brought out of actual malice or an improper purpose.

**WHEREFORE,** Plaintiff demands judgment against the defendants individually and collectively for the following:

8

a)  Compensatory damages to be determined by a jury for physical injury, pain and suffering, mental anguish, and deprivation of liberty;

b)  Punitive damages to be determined by a jury for defendants' intentional, reckless, outrageous and illegal conduct;

c)  Reasonable attorneys' fees and costs;

d)  Economic damages;

e)  Injunctive and declaratory relief; and

f)  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated: New York, NY
July 9, 2012

**LAW OFFICE OF JOHN M. LAMBROS**

By: _____

John M. Lambros (JL1265)
40 Wall Street, 28th Floor
New York, NY 10005
Telephone: (212) 430-6474
Facsimile: (212) 208-2933
John@Lambroslawfirm.com